## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY MARYLAND

| | |
|---|---|
| TAMEKIA GOFFE<br>504 W. 4th St.<br>Plainfield, NJ 07060<br><br>    Plaintiff<br><br>v.<br><br>TARGET CORPORATION<br>777 Nicollet Mall<br>Minneapolis MN 55402<br>**S/O Resident Agent:**<br>THE CORPORATION TRUST,<br>INCORPORATED<br>2405 York Road<br>Suite 201<br>Lutherville, MD 21093-2264<br><br>    Defendant | Case No: |

## **COMPLAINT**

Now comes the Plaintiff, Tamekia Goffe, by Lawrence S. Greenberg and the Greenberg Law Office, her attorneys, and sues the Defendant, Target Corporation, and as grounds states:

### **JURISDICTION AND VENUE**

1. This Court's personal jurisdiction in this action is based MD. CODE ANN, CTS. & JUD. PROC. § 6-102(a) because the cause of action occurred in Baltimore County, Maryland.

2. This Court has subject matter jurisdiction of the Defendant pursuant to MD. CODE ANN, CTS. & JUD. PROC. § 1-501 because the amount in controversy is greater than $30,000 but less than $75,000.00.

3. Venue is properly vested in this Court pursuant to MD. CODE ANN, CTS. & JUD. PROC. § 6-201(a) and (b) as the incident occurred in Baltimore County, Maryland.

### **PARTIES**

4.     The Plaintiff, Tamekia Goffe, is a resident of the State of New Jersey.

5. The Defendant, Target Corporation ("Target"), is a company incorporated in Minnesota and does business in the State of Maryland.

6. Target is a retail corporation and has more than 1,900 U.S. stores in fifty states, digital properties and more than 350,000 team members.

7. That at all times mentioned in this complaint, the Target owned and operated a store located at 1737 Reisterstown Rd, Pikesville, MD 21208-2907 in Baltimore County, Maryland ("Pikesville Store").

## FACTS

8. That the Plaintiff incorporates herein all paragraphs above as if fully stated herein.

9. That on June 23, 2018, the Plaintiff arrived at the Pikesville Store to purchase items.

10. That after obtaining the items, the Plaintiff walked back towards the checkout lines.

11. Plaintiff could not see any staff at the registers, so she decided to checkout at guest services.

12. When the Plaintiff walked towards the guest services area, as she turned to walk towards the guest service's cashier, she slipped in the area adjacent to the endcap display in a large puddle of a soapy substance.

13. The Plaintiff did not see anyone in the area for the entire time she was in the store.

14. That when the Plaintiff fell, it was clear that the area where she fell was not properly cleaned and dried, leaving a dangerous substance on the floor for customers to fall on.

15. That no warning signs or notices of any kind were placed anywhere near the known and unsafe condition that caused Plaintiff to fall.

16. That when the Plaintiff slipped and fell, she was caused to sustain serious, painful and permanent injuries.

## **COUNT I: NEGLIGENCE**

17. That the Plaintiff incorporates herein all paragraphs above as if fully stated herein.

18. That at all times herein mentioned, the Defendant had a duty to its customers and business invitees, including the Plaintiff, to keep and maintain its premises, and especially the grounds therein, in a reasonably safe condition for the use of such customers and all potential customers in the general public.

19. That the Plaintiff's fall, and her resulting injuries and damages, was caused by the negligence of the Defendant, in that the Defendant, acting by and through, its agents, servants, and/or employees failed to ensure and maintain the safety of the floor inside the property.

20. That the Plaintiff's fall, and her resulting injuries and damages, was caused by the negligence of the Defendant, in that the Defendant, acting by and through, its agents, servants, and/or employees:

1. Failed to properly inspect, clean, maintain and timely remove substances from the premises so as to reasonably ensure the safety of all persons lawfully entering and safely walking in the property;

2. Failed to exercise reasonable care and diligence to assure that hazardous conditions of which it knew, or should have known, were not allowed to exist on the floor;

3. Failed to give any notice or warning to persons walking on the premises as to the unusually slippery, dangerous, and unsafe condition of the floor when they knew, or should have known, of such condition.

4. And the Defendant was, by other acts and omissions and commission, negligent in their failure to provide a safe establishment for the public.

21. That the Defendant's negligence aforesaid created a dangerous and unsafe condition to persons walking in and around the property, and Defendant knowingly and negligently maintained and kept such condition in existence for a lengthy time, based on the size and location of the affected area, knowing that customers and prospective customers, in the normal course of events, would walk on that area.

22. That the Defendant's failure to properly inspect and maintain the area where Plaintiff fell in a safe manner was negligent and constituted a breach of the Defendant's legal duty to make and keep the premises in a reasonably safe condition for customers and business invitees, including the Plaintiff. This breach of duty by the Defendant was the proximate cause of the Plaintiff's fall and of the injuries that occurred as a result of the fall.

23. That as a result of the negligence of the Defendant, and the Plaintiff's resulting injuries, the Plaintiff has been caused to expend, or become obligated to expend, great sums of money for her medical care and treatment; did sustain medical and other expenses, and will be called upon to expend additional sums of money in the future, and was prevented by her injuries from engaging in her usual activities including missing substantial time from work, and pursuits,

and was otherwise injured and damaged.

24. That the Plaintiff alleges and avers that all of her injuries, damages, and losses were caused solely by the incident described herein.

25. That the Plaintiff alleges and avers that all of her injuries, damages, and losses were caused solely by the negligence of the Defendant, without any negligence on her part in any way contributing thereto.

26. That at all relevant times hereto the Plaintiff exercised due care for her own safety, was in no way contributory negligent and did not assume the risk that there would be ice on the parking lot.

WHEREFORE, for the foregoing reasons, the Plaintiff brings suit against the Defendant and claims damages in the amount of SEVENTY-FOUR THOUSAND NINE-HUNDRED NINETY-NINE DOLLARS ($74,999.99)

                                                GREENBERG LAW OFFICE

                                                _____/s/_____
                                                LAWRENCE S. GREENBERG
                                                CPF#9506210161
                                                6 E. Biddle Street
                                                Baltimore, MD 21202
                                                410-539-5250
                                                410-625-7891 (fax)
                                                Larry@greenberglawyers.com
                                                Attorney for the Plaintiff